CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 23 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

JAMES A. HEGEDUS, et al., )
)
    Plaintiffs, )
) Civil Action No. 5:17-cv-00053
v. )
)
NATIONSTAR MORTGAGE, ) By:   Michael F. Urbanski
LLC, et al. ) Chief United States District Judge
)
    Defendants. )

## MEMORANDUM OPINION

Pro se plaintiffs James and Virginia Hegedus ("Plaintiffs") allege defendants Nationstar Mortgage, LLC ("Nationstar") and Daniel T. Conway ("Conway") violated various laws during the servicing and foreclosure of a mortgage on a residence that they owned in Delaware. This is the second action Plaintiffs have brought against Nationstar for servicing activities relating to this Delaware residence. Plaintiffs allege conversion, breach of contract, tortious interference, falsification of business records, and intentional infliction of emotional distress against Nationstar; Plaintiffs claim defamation and professional misconduct against Conway. The complaint also includes claims of elder abuse, abuse of process, malicious prosecution, and "manufacturing a default leading to an illegal foreclosure action." R&R, ECF No. 30, at 8–10; see generally Compl., ECF No. 1. Both defendants moved to dismiss the complaint for failure to state a claim. See Nationstar's Mot. to Dismiss for Failure to State a Claim, ECF No. 6; Conway's Mot. to Dismiss for Failure to State a

1

Claim, ECF No. 10. This matter was referred to United States Magistrate Judge Joel C. Hoppe for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

In a report and recommendation issued on February 1, 2018, the magistrate judge recommended granting Conway's motion to dismiss and granting in part Nationstar's motion to dismiss. R&R, ECF No. 30, at 25. Specific to Nationstar's motion, the magistrate judge recommended denying the motion as to Plaintiffs' conversion claim, granting the motion to dismiss the breach of contract claim without prejudice but with leave to amend, and granting the motion to dismiss all other claims with prejudice. R&R, ECF No. 30, at 25. The report gave notice to the parties that they had fourteen days within which to file any objections. On February 5, 2018, Plaintiffs filed a motion for extension of time to respond to the report and recommendation. Pls.' Mot. for Extension of Time, ECF No. 32. The magistrate judge extended the time for objections until February 22, 2018. Order Granting in Part and Denying in Part Mot. for Extension of Time, ECF No. 29. Plaintiffs thereafter timely filed objections to the report, ECF No. 36, and Nationstar responded on February 22, 2018, ECF No. 40.

For the reasons stated below, the court will **OVERRULE** Plaintiffs' objections, **ADOPT** the report and recommendation in its entirety, **GRANT** Conway's motion to dismiss, **GRANT in part and DENY in part** Nationstar's motion to dismiss, **DISMISS without prejudice** Plaintiffs' breach of contract claim and provide **LEAVE TO AMEND**, and **DISMISS with prejudice** all other claims except for Plaintiffs' conversion claim.

# I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va.

3

2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985(3)) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple [ ]he seeks." Id. Instead, his re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The same is not true for legal conclusions. "Threadbare

4

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012).

A plaintiff proceeding pro se is held to "less stringent standards" than counseled plaintiffs, and the court must construe his or her claims liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the court need not ignore a clear failure to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). In light of Plaintiffs' status as pro se, the court will "consider both the complaint and the factual allegations in [Plaintiffs'] response to the motion to dismiss in determining whether [their] claims can survive dismissal." Shomo v. Apple, Inc., No. 7:14cv40, 2015 WL 777620, at *2 (W.D. Va. Feb. 24, 2015); see also Christmas v. The Arc of the Piedmont, Inc., No. 3:12cv00008, 2012 WL 2905584, at *2 (W.D. Va. July 16, 2012).

### III.

The court has reviewed Plaintiffs' objections to the magistrate judge's report and recommendation and finds their objections to be entirely without merit. Plaintiffs primarily advance two objections[1]: (1) the application of res judicata to this action was in error, and (2) the tortious interference claim should not be dismissed. Both of these objections reiterate arguments previously made to the magistrate judge. See, e.g., Pls.' Mem. in Opp. to Def. Nationstar's Mot. to Dismiss, ECF No. 15, at 2–5 (arguing failure to identify same transaction or series of transactions and availability of new evidence from default specialist's

---

[1] These objections are limited to the magistrate judge's recommendation regarding Nationstar's motion. See ECF No. 36, at 4 ("In the matter of Daniel Conway, the Plaintiffs accept Judge Hoppe's recommendation.)

5

testimony in Delaware Superior Court); id. at 9–11 (arguing interference with insurance policy). These objections fail to identify specific errors in the report and recommendation, and are properly construed as general objections that do not warrant de novo review. See Veney, 539 F. Supp. 2d at 844–46. However, as Plaintiffs are pro se and receive the benefit of proceeding under less stringent standards, the court will address these objections.

## A.

Plaintiffs appear to challenge the applicability of both claim preclusion and issue preclusion to their complaint. Regarding claim preclusion, Plaintiffs contend "that although their claims meet most of the requirements of preclusion, they cannot constitute a single claim." ECF No. 36, at 1–2. While it is unclear what Plaintiffs specifically object to in the report and recommendation, the objection is unnecessary because the magistrate judge ruled in their favor regarding claim preclusion. The magistrate judge recommended that claim preclusion not apply because the first action was not conclusively resolved in its entirety. R&R, ECF No. 30, at 18. The magistrate judge explained, "Plaintiffs are pro se litigants, and the Court in Hegedus I did not expressly provide for outright dismissal with prejudice of the entire action if Plaintiffs failed to take further action or seek to file an amended complaint." Id. The court finds no merit to Plaintiffs' objection, if any, to the magistrate judge's recommendation regarding claim preclusion.

Plaintiffs objected more specifically to the magistrate judge's application of issue preclusion. Plaintiffs contend that issue preclusion should not apply because the testimony of Ellen Brandt, a default specialist for Nationstar Mortgage, in the foreclosure action in Delaware presents new evidence relevant to this action. See Pls.' Resp. to Magistrate Judge

6

Joel C. Hoppe's R&R, ECF No. 36, at 2–3. The magistrate judge only applied issue preclusion to the issues relevant to their claim of intentional infliction of emotional distress. See R&R, ECF No. 30, at 18–20. In Hegedus I, the court accepted the magistrate judge's recommendation that Plaintiffs had not alleged a sufficient level of outrageousness in Nationstar's conduct or that they suffered a significantly severe degree of emotional distress. See Hegedus v. Nationstar Mortg., LLC, No. 5:16-CV-00001, 2016 WL 5477579, at *6 (W.D. Va. June 15, 2016), report and recommendation adopted, No. 5:16-CV-001, 2016 WL 5660239 (W.D. Va. Sept. 29, 2016).

In order for issue preclusion to apply, "[t]he issues in the prior litigation must be identical to the issues sought to be [precluded]." Polk v. Montgomery Cty., 782 F.2d 1196, 1201 (4th Cir. 1986). A party may seek to avoid issue preclusion on the grounds of new evidence. See Rye v. U.S. Steel Min. Co., 856 F. Supp. 274, 278–79 (E.D. Va. 1994) ("Important among such other circumstances [in determining the applicability of issue preclusion] is . . . new evidence has become available that could likely lead to a different result. (quoting Restatement (Second) of Judgments § 29, comment (j)). However, "[t]he application of collateral estoppel does not depend on whether new evidence has been uncovered or whether the plaintiff has identified a different cause of action; instead, collateral estoppel depends on 'the identity of the issues that were litigated' in the earlier suit." See Swartz v. Matal, No. 117CV482LMBTCB, 2017 WL 3611715, at *3 (E.D. Va. Aug. 22, 2017) (internal citations omitted); cf. Intellectual Ventures I LLC v. Capital One Fin. Corp., 280 F. Supp. 3d 691, 719 (D. Md. 2017) (applying collateral estoppel in patent action

7

"despite the new factual allegations before me, the alleged relevant market has not changed in a material way").

Plaintiffs do not explain how Ms. Brandt's alleged new testimony is relevant to the issues surrounding intentional infliction of emotional distress. Although Ms. Brandt's testimony is new to the litigation as a whole, it is unclear how this evidence could be part of the issues considered with their emotional distress claim. Ms. Brandt's testimony does not appear to affect any of the elements of an intentional infliction of emotional distress claim, nor do Plaintiffs explain in their complaint, objection, or any other filings how the testimony changes the relevant issues between the first and second actions. The issues surrounding these allegations therefore are identical between the two actions. Ms. Brandt's testimony does not prohibit the application of issue preclusion to the court's previous findings regarding intentional infliction of emotional distress. The magistrate judge appropriately applied issue preclusion.

Even if the court were to find that the issues surrounding intentional infliction of emotional distress were not precluded, Plaintiffs have not demonstrated how Ms. Brandt's testimony shows that Nationstar's actions were outrageous or intolerable. Cf. Russo v. White, 400 S.E.2d 160, 162–63 (Va. 1991) (describing the high threshold to state a claim for intentional infliction of emotional distress). Her testimony also has no bearing on whether Plaintiffs suffered severe emotional distress, which the court found was not adequately pled in the last action. See Hegedus v. Nationstar Mortg., LLC, No. 5:16-CV-00001, 2016 WL 5477579, at *6 (W.D. Va. June 15, 2016), report and recommendation adopted, No. 5:16-CV-001, 2016 WL 5660239 (W.D. Va. Sept. 29, 2016) ("Plaintiffs' Complaint sets forth no

8

facts showing that Nationstar acted in a way that was outrageous or intolerable, or that they suffered severe emotional distress because of this conduct."). Like the first complaint in the first action, Plaintiffs' complaint in this action does not allege severe emotional distress. Plaintiffs have failed to state a claim for intentional infliction of emotional distress.

Plaintiffs' objection to the magistrate judge's report and recommendation regarding preclusion is without merit.

### B.

Plaintiffs next challenge the magistrate judge's recommendation to dismiss their tortious interference claim for failure to state a claim. In their objection, Plaintiffs argue that Nationstar "force-placed insurance on the homeowners insurance policy" and "electronically cancelled Plaintiffs' paid-up policy and replaced it with their own." See Pls.' Resp. to Magistrate Judge Joel C. Hoppe's R&R, ECF No. 36, at 3. Plaintiffs appear to advance two general sub-objections to the dismissal of the tortious interference claim.

First, Plaintiffs argue against the applicability of res judicata to the tortious interference claim. See Pls.' Resp. to Magistrate Judge Joel C. Hoppe's R&R, ECF No. 36, at 3–4 (comparing differences in alleged interference between first and second actions). The magistrate judge did not apply res judicata to the tortious interference claims "as those pertain to acts that occurred after the first action was dismissed." R&R, ECF No. 30, at 16. Therefore, this objection is without any basis.

Second, Plaintiffs object to the applicability of state law to their tortious interference claim. Because State Farm Insurance is a nationwide company, Plaintiffs contend that their claim "would fall under federal jurisdiction when there is interference with a business

relationship" and that they "should be permitted to address this under federal law." Pls.' Resp. to Magistrate Judge Joel C. Hoppe's R&R, ECF No. 36, at 3–4. The court has jurisdiction over Plaintiffs' tortious interference claim pursuant to diversity jurisdiction. See 28 U.S.C.A. § 1332; Compl., ECF No. 1, at 21 (seeking $57,500 in compensatory damages and $2,000,000 in punitive damages,[2] and alleging claims against diverse parties). While Plaintiffs' claims are brought in federal court, the tortious interference claim is still governed by state law. See Chaves v. Johnson, 230 Va. 112, 335 S.E.2d 97 (1985) (recognizing common law tort of tortious interference with contract rights in Virginia). The fact that State Farm Insurance has offices nationwide does not change the applicable law to this claim.

In Virginia, Plaintiffs state a prima facie case for tortious interference by pleading: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." Dunlap v. Cottman Transmission Sys., LLC, 754 S.E.2d 313, 318 (Va. 2014). Construing Plaintiffs' complaint and its other filings liberally, the court agrees with the magistrate judge's recommendation that Plaintiffs have failed to allege damage from the tortious interference. R&R, ECF No. 30, at 21–22. The insurance was reinstated and allegations that their

---

[2] The court notes that a jurisdictional amount in controversy requirement "cannot be met merely by . . . praying for exorbitant punitive damages which clearly are not authorized by the statute and which in these circumstances would be grossly excessive in any event." Huftstetler v. Davies, 309 F. Supp. 1372, 1374 (N.D. Ga. 1970) (citing Fleming v. United States Fidelity & Guaranty Co., 146 F.2d 128 (5th Cir. 1944)). As the defendants have not raised this issue, the court assumes the amount of controversy is unchallenged and exercises diversity jurisdiction. See Roberson v. Dale, 464 F. Supp. 680, 683 (M.D.N.C. 1979) (explaining amount of controversy is ordinarily accepted at face value, but forum state's rules regarding measure of damages and availability of special and punitive damages are to be reviewed if the defendant challenges the plaintiff's statement).

relationship with their local agent is "strained" and has "become an 'uncomfortable' arrangement" are insufficient to constitute damage. See Compl.. ECF No. 1, at 12, 19. Nothing in Plaintiffs' objections speaks to damages; in fact, the objections again note that the insurance policy was reinstated. See Pls.' Resp. to Magistrate Judge Joel C. Hoppe's R&R, ECF No. 36, at 3–4. Based on the facts alleged in all of the pleadings, Plaintiffs have failed to state a claim for tortious interference.

Plaintiffs' objection to the magistrate judge's report and recommendation regarding its tortious interference claim also is without merit.

## IV.

For the reasons stated above, the court makes the following findings:

1. The court **ADOPTS** the report and recommendation (ECF No. 30) in its entirety.

2. The court **OVERRULES** Plaintiffs' objections (ECF No. 36) to the report and recommendation.

3. The court **GRANTS** Conway's motion to dismiss (ECF No. 10) and **DISMISSES** all claims against him **with prejudice.**

4. The court **GRANTS in part and DENIES in part** Nationstar's motion to dismiss (ECF No. 6). The court **DENIES** Nationstar's motion with respect to Plaintiffs' conversion claim. The court **GRANTS in part** Nationstar's motion with respect to Plaintiffs' breach of contract claim, **DISMISSING** the claim **without prejudice** and providing **LEAVE TO AMEND** the claim within fifteen (15) days of the entry of this order. All of Plaintiffs' remaining claims, including claims for tortious interference, falsification of business records, intentional infliction of emotional

11

distress, elder abuse, abuse of process, and malicious prosecution, are **DISMISSED**

**with prejudice.**

An appropriate Order will be entered this day.

Entered: 03-23-2018

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge