CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 7 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JAMES A. HEGEDUS, et. al., ) | |
| ) | |
| Plaintiff, ) | Case No. 5:17-cv-000053 |
| ) | |
| v. ) | |
| ) | |
| NATIONSTAR MORTGAGE LLC, et al., ) | |
| ) | By: Michael F. Urbanski |
| Defendant ) | Chief U. S. District Judge |
| ) | |

## MEMORANDUM OPINION

This matter is before the court pursuant to plaintiffs James A. Hegedus and Virginia E. Hegedus's ("the Hegeduses") motion to reopen the case ("Motion") filed on January 15, 2020. Pro Se Mot. to Reinstate Proceedings, ECF No. 77. Plaintiffs argue that the court's December 11, 2018 order ("December Order") dismissing the case with prejudice, and a July 29, 2019 order denying relief under Fed. R. Civ. P. 59(e) ("July Order") are void because of the automatic stay associated with the bankruptcy petition they filed in November, 2018.[1] Mem. to Request to Reinstate Proceedings, ECF No. 78. Defendant Nationstar Mortgage LLC ("Nationstar") responded, arguing the Hegeduses failed to carry their burden under Rule 60(b). Resp. in Opp'n to Pls.' Request to Reinstate Proceedings, ECF No. 79. The law does not render the court's prior orders void because of the Hegeduses' bankruptcy filing. As such, their motion to reopen must be **DENIED**.

---

[1] Presumably, the Hegeduses also seek relief from the court's September 17, 2019 Order denying the Hegeduses' motion for reconsideration. ("September Order"). ECF No. 76. The court will consider the motion as applying to all three orders.

I.

This case arises from a mortgage agreement between the Hegeduses and First Horizon Home Loan Corporation concerning real estate located in Delaware. Compl., ECF No. 1, at 2. The mortgage was serviced by Nationstar and later assigned to Bank of New York Mellon ("B.N.Y. Mellon"). Pls.' Am. Pleading, ECF No. 43, at 2. The Hegeduses filed several claims in this court including conversion, breach of contract, and tortious interference with a contract, among others, arising out of what they alleged were Nationstar's predatory lending practices. ECF No. 1. Nationstar moved to dismiss these claims on the grounds that a previous case, Bank of New York Mellon v. Hegedus, No. CV S15L-12-053, 2017 WL 6451123 (Del. Super. Ct. Dec. 18, 2017), aff'd by Hegedus v. Bank of New York Mellon, 190 A.3d 998 (Del. 2018), reargument denied (July 25, 2018), precluded the Hegeduses' claims in this matter. ECF No. 44.

The case was referred to United States Magistrate Judge Joel C. Hoppe pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Hoppe conducted a hearing and issued a Report & Recommendation recommending that Nationstar's motion be granted in full. ECF No. 61. After objections were filed, the court issued a memorandum opinion granting Nationstar's motion to dismiss, ruling that the Hegeduses' claim was precluded by a judgment in Delaware state court between the parties concerning the property. Mem. Op. ECF No. 66. The Hegeduses did not appeal dismissal of their case.

Instead, the Hegeduses twice asked the court to reconsider its ruling, which the court addressed in the July and September Orders. ECF Nos. 69 and 76. In the July Order, the court

addressed the submission by the Hegeduses of claimed new evidence consisting of an email between B.N.Y. Mellon and Nationstar, concluding that "the email does not change the court's ruling." July Order, ECF No. 69, at 3. No notice of appeal was filed.

Again, the Hegeduses sought reconsideration, which the court addressed in the September Order. ECF No. 76. That order addressed the arguments raised by the Hegeduses that the July Order misconstrued their argument and offered additional new evidence, this time relating to B.N.Y. Mellon's failure to file a proof of claim in the Hegeduses' Western District of Virginia bankruptcy proceeding. After addressing the claimed new evidence, the court concluded that the Hegeduses failed to meet the requirements of Rules 59 and 60, and declined to "revisit issues upon which has already ruled." Order, ECF No. 76, at 7. Again, the Hegeduses did not file a notice of appeal.

On January 15, 2020, plaintiffs filed their pending Rule 60 request to reinstate their lawsuit, this time claiming that the court's prior orders were void because they were entered in contravention of the automatic stay associated with their November, 2018 bankruptcy petition.

## II.

The remedy provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). A party moving for relief under Rule 60(b) must show timeliness, a meritorious defense, and a lack of unfair prejudice to the

opposing party. Werner v. Carbo, 731 F.2d 204, 206–07(4th Cir. 1984). These threshold requirements are intended to guide a court in balancing the doctrine of res judicata with the desire that justice be done in light of all the facts. Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). Once the moving party has made such a showing, he or she must satisfy one of the six grounds for relief from judgment outlined in Rule 60(b).[2] Id. The party moving for relief under Rule 60(b) must clearly establish the grounds for relief "to the satisfaction of the district court, and such grounds must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). As the Hegeduses proceed pro se, their pleadings are entitled to liberal construction. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The Hegeduses' motion seeks relief from the prior orders under the theory that the judgments were void under Rule 60(b)(4) or the catchall provision of Rule 60(b)(6). Their voidness argument stems from the fact that the Hegeduses filed a bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia on November 18, 2018, a few weeks before the December Order was entered dismissing this action against Nationstar. ECF No. 78. The Hegeduses contend that the bankruptcy schedules prepared by their bankruptcy counsel failed to acknowledge the pendency of this action, causing the bankruptcy petition to fly under the court's radar when this case was dismissed a few weeks later in December, 2018. Had the case been stayed, the Hegeduses argue that they would have

---

[2] These grounds include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

4

provided new evidence that "would have significantly influenced the outcome of this litigation." Id. at 3.

In response, Nationstar contends that the Hegeduses cannot make a sufficient showing under Rule 60(b), and that their motion amounts to "nothing more than an untimely collateral attack on the Court's original Order dismissing the case." Resp. in Opp'n re Mot. to Reopen Case, ECF No. 79 at 4. Nationstar notes the absence of any new evidence that would have impacted the outcome of the case or exceptional circumstances warranting relief. ECF No. 79 at 3-4.

### III.

Plaintiffs' motion to reinstate their case does not satisfy the requirements of Rule 60(b). First, plaintiffs fail to make the threshold showing that "granting that relief will not in the end have been a futile gesture, by showing that [they have] a meritorious defense or claim." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990). In the July and September Orders, the court found insufficient the new evidence offered by plaintiffs. ECF Nos. 69 and 76. Further, this case presents no exceptional circumstances as the bankruptcy filing does not render void the court's prior rulings. In addition, there has been no showing that the specific requirements of Rules 60(b)(4) and 60(b)(6) have been met.

Rule 60(b)(4) allows a court to relieve a party from a final judgment, order or proceeding when "the judgment is void." Fed. R. Civ. P. 60(b)(4). "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). As the Fourth Circuit explained in Wendt,

"[d]espite this seemingly broad statement, we narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants . . . will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Id. As regards Rule 60(b)(4), the Hegeduses contend that the December and July Orders are void because they were made in violation of the automatic stay under 11 U.S.C. § 362 of the Bankruptcy Code. The § 362 automatic stay takes effect upon filing for bankruptcy and "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against that debtor that was or could have been commenced before the commencement of the case under this title or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The purpose of the automatic stay, in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding. Winters By & Through McMahon v. George Mason Bank, 94 F.3d 130, 133 (4th Cir. 1996). "The automatic stay is broad in scope and its operation is automatic upon the filing of the petition." In re Weatherford, 413 B.R. 273, 283 (Bankr. D.S.C. 2009).

However, the protections afforded by the automatic stay are not intended to reach claims brought by debtors such as the Hegeduses. "The Fourth Circuit has not ruled directly on whether section 362(a)(1) stays further proceedings in connection with a counterclaim a debtor filed pre-petition but has indicated in an unpublished opinion that an action initiated by a debtor to seek redetermination of tax deficiencies owed to the Internal Revenue Service was not stayed by a bankruptcy petition because the action was not 'against the debtor' but initiated by the debtor." In re Gecy, 510 B.R. 510, 522 (Bankr. D.S.C. 2014) (citing Reid v.

Comm'r of Internal Revenue, 878 F.2d 1430, 1989 WL 74867, at *1 (4th Cir.1989) (per curiam) (quoting 11 U.S.C. § 362(a)(1))). The Fourth Circuit has also held that an automatic stay does not impact a pledge agreement voluntarily entered into by the debtor, as such an action would not be against the debtor "and is thus not within the purpose of the automatic stay." Winters By & Through McMahon v. George Mason Bank, 94 F.3d 130, 133 (4th Cir. 1996).

While the Fourth Circuit has not directly ruled on the applicability of the automatic stay on claims brought by the debtor, sister circuits have held that claims or counterclaims brought by a debtor are not barred by the automatic stay. See Parker v. Bain, 68 F.3d 1131, 1138 (9th Cir.1995) (holding a claim originally brought by a person who subsequently filed bankruptcy under chapter 11 was not subject to the automatic stay); Carlson v. Norman (In re Duncan), 987 F.2d 490, 491 n. 2 (8th Cir.1993) (noting a third-party action instigated by two debtors against a third party was not subject to the automatic stay); Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204–05 (3d Cir. 1991), reh'g granted and opinion vacated (Jan. 10, 1992), opinion reinstated on reh'g (Mar. 24, 1992) ("Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay. Thus, within one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue."); Carley Capital Group v. Fireman's Fund Ins. Co., 889 F.2d 1126, 1127 (D.C.Cir.1989) (per curiam) (holding section 362(a)(1) "by its terms only stays proceedings against the debtor, and does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate" (citations and internal quotation marks omitted); Martin-Trigona v. Champion Federal

7

Sav. and Loan Association, 892 F.2d 575, 577 (7th Cir. 1989) ("[T]he automatic stay is inapplicable to suits *by* the bankrupt[.]")).

A bankruptcy court in this circuit has followed suit, declining to apply the automatic stay to claims or counterclaims brought by the debtor. In re Gecy, 510 B.R. 510, 522 (Bankr. D.S.C. 2014). The dispositive question was whether a proceeding was "originally brought against the debtor." Id. Additionally, the automatic stay does not bar the defendant's ability to assert defenses, such as motions to dismiss. "This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor." In re Palmdale Hills Property, LLC, 654 F.3d 868, 875 (9th Cir.2011); In re Mosley, 260 B.R. 590, 595 (Bankr. S.D. Ga. 2000) (in a chapter 13 case where the debtor is a party plaintiff, that debtor may continue suit). A district court in this circuit has similarly denied applying the automatic stay to a suit brought by bankrupt-plaintiffs when no counterclaims were brought by defendants. Houey v. Carolina First Bank, 890 F. Supp. 2d 611, 617 (W.D.N.C. 2012).

In the instant case, the claims were brought by the Hegeduses, not against them. Nationstar filed no counterclaim. The automatic stay provision of the Bankruptcy Code does not apply to void the court's orders in the suit brought by the Hegeduses. Accordingly, Rule 60(b)(4) provides no avenue of relief from the court's prior rulings for plaintiffs.

The same is true with Rule 60(b)(6). "Although Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason, case law limits the reasons for which a court may grant relief under Rule 60(b)(6)." Dowell, 993 F.2d at 48. Proceeding under Rule 60(b)(6) requires extraordinary circumstances, which are not present here.

Accordingly, the Hegeduses' Motion to Reinstate Proceedings, ECF No. 77, will be **DENIED**. An appropriate Order will be entered.

Entered: 02-27-2020

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge